UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

PHILLIP STEWART                                                              PLAINTIFF
ADC #151956

v.                      No. 3:21-cv-00080-DPM-JTR

BRUCE SANDERS, Major,
North Central Unit, *et al.*                                              DEFENDANTS

## ORDER

Plaintiff Phillip Stewart ("Stewart"), is a prisoner in the Ouachita River Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint alleging that when he was imprisoned at the ADC's North Central Unit ("NCU"), Defendants violated his and other inmates' constitutional rights. Stewart has not paid the $402 filing fee for this action nor has he filed an application to proceed *in forma pauperis* ("IFP").

Because Stewart is a three-striker,[1] he cannot proceed IFP unless he is currently in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998). Stewart's Complaint, liberally construed, alleges that between 10:30 p.m. on October 11, 2020 and 2:00 a.m. on

---

[1] *See, e.g., Stewart v. Hobbs et al.,* No. 5:13-cv-00381-JLH (E.D. Ark. Jan. 31, 2014) (dismissing for failure to state a claim); *Stewart v. Evans,* No. 5:16-cv-00081-DPM (E.D. Ark. March 24, 2016) (same); *Stewart v. Griffen, et al.,* No. 4:17-cv-00579-BRW (E.D. Ark. Sept. 14, 2017) (same).

1

October 12, 2020, he and approximately 59 other NCU inmates were ordered, at gunpoint, to strip naked, had their hands zip-tied behind their backs, were led from their barracks to the chow hall, where they were held for approximately 90 minutes, before being led back to their barracks. *Doc. 1 at 4-11*. Stewart alleges that because he and the other inmates were naked with their hands zip-tied behind their backs, and forced to walk approximately 400 yards from their barracks to the chow hall and back, passing by several other inmates, officers, and staff, they were wrongfully exposed to many others, without any way to cover themselves, resulting in a cruel and unusual punishment, excessive force, and invasion of privacy. *Id.*

First, Stewart cannot bring civil rights claims on behalf of other prisoners. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Second, Stewart's description of the one-time incident, more than six months ago, at a prison he is no longer incarcerated in, does not satisfy the imminent-danger exception to the three-strikes rule. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (to satisfy the exception, prisoner must offer "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"). Thus, Stewart cannot proceed IFP. 28 U.S.C. § 1915(g).

IT IS THEREFORE ORDERED that Stewart has until June 2, 2021, to pay the $402 filing fee, in full, if he wishes to proceed with this action. If he fails to do so, the Court will recommend that this case be dismissed, without prejudice.

Dated this 3rd day of May, 2021.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE