UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

PHILLIP STEWART                                                                         PLAINTIFF
ADC #151956

v.                          No. 3:21-cv-00080-DPM-JTR

BRUCE SANDERS, Major,
North Central Unit, *et al*.                                                          DEFENDANTS

# ORDER

Plaintiff Phillip Stewart ("Stewart"), a prisoner in the Ouachita River Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* § 1983 Complaint and Amended Complaint alleging Defendants violated his constitutional rights while he was incarcerated at the ADC's North Central Unit ("NCU").[1] *Docs. 2 & 18*. Before he may proceed with this action, the Court must screen his claims.[2]

Stewart alleges that, around 10:30 p.m. on October 11, 2020, he and approximately 59 other inmates in NCU's Barracks 10 were ordered, at gunpoint, to strip naked, and walk out of their barracks, one-by-one, into a hallway between

---

[1] Stewart is no longer incarcerated. *See, Doc. 21*.
[2] The Prison Litigation Reform Act required federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). This screening requirement applies to all prisoner cases, even if the prisoner has paid the filing fee in full. *Lewis v. Estes*, 242 F.3d 375, *1 (8th Cir. 2000) (unpub. op.); *see also Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (based on plain statutory language, "§ 1915A applies to all prisoners, no matter their fee status, who bring suit against a government entity, officer or employee").

Barracks 10 and 11, where they were ordered to drop to their knees, and have their hands zip-tied behind their backs. *Doc. 1 at 4*. Because "there are about thirty windows in the front of [Barracks 11]," Stewart alleges he and each of the other Barracks 10 inmates were unlawfully exposed, fully naked, to the inmates in Barracks 11 inmates "for about (5) minutes." *Id*. After each Barracks 10 inmate had his hands secured behind his back, Stewart alleges they were escorted, one at a time, to the chow hall, which was approximately 400 yards away. *Id.* During this walk, Stewart alleges he and the other Barracks 10 inmates had to pass by several other barracks, as well as "the Infirmary, Mental Health, Isolation, Laundry, [the] Captain['s] Office, [the] Lieutenant['s] Office, [the] Control Booth, [the] Major['s] Office, [and the] Disciplinary Notification Office," where they were briefly exposed to the people therein, without any way to cover themselves. *Id*.

Once they reached the Chow Hall, Stewart alleges he and other Barracks 10 inmates were ordered to sit on the floor, where they remained, still fully nude with their hands restrained behind their back, for approximately 90 minutes, before being led back to their barracks. *Doc. 1 at 4-11; Doc. 18 at 4-5*. Stewart alleges that throughout this process, which lasted approximately three-and-a-half hours—from about 10:30 p.m. on October 11, 2020 through about 2:00 a.m. on October 12, 2020—he and his barracks-mates were exposed, fully nude, to other inmates, guards and prison staff, including a female nurse, without any way to cover themselves, in

2

violation of their constitutional rights. *Id*.

Although Stewart purports to bring this suit on behalf of him and the approximately 59 other NCU Barracks 10 inmates that were subject to this incident (*Doc. 1*), as the Court has previously informed him (*Docs. 2 & 23*), he cannot bring civil rights claims on behalf of other prisoners. *Stanko v. Brewer*, 853 F. App'x 41, 42 (8th Cir. 2021) ("[A]n inmate cannot bring claims on behalf of other prisoners."); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)).[3]

However, Stewart may PROCEED with his own Fourth Amendment claim against the named Defendants—NCU Major Bruce Sanders, NCU Captain Brandon, NCU Corporal Quincy Vaile, NCU Corporal Mason, NCU Lieutenant Chester Pool, NCU Sergeant Langston, NCU Sergeant Alexander Delgato, and NCU Corporal Wyatt—for allegedly subjecting him to the strip-search and prolonged exposure to others, without any way to cover himself, as the record, at this point, contains no evidence as to the purpose of search, the reasons for conducting it in the manner it

---

[3] Moreover, "because of the requirement under Federal Rule of Civil Procedure 23(a)(4) that a class have adequate representation, courts have repeatedly declined to allow *pro se* prisoners to represent a class in a class action." *Burchfield v. Jones*, Case No. 6:20-cv-06135-SOH-BAB, 2020 WL 9351632 (W.D. Ark. Dec. 14, 2020) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it would be plain error to permit imprisoned pro se litigant to represent his fellow inmates in a class action); *Caputo v. Fauver*, 800 F. Supp. 168, 169–70 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action."); *Perkins v. Holder*, Case No. CIV. 13-2874 PAM/FLN, 2014 WL 755378, at *5 (D. Minn. Feb. 26, 2014), *aff'd* (Dec. 9, 2014) ("[P]ro se litigants can never represent the rights, claims and interests of other parties in a class action lawsuit (or otherwise))).
.

was performed, or whether it was feasible to conduct the search in a manner than afforded more privacy. *See Bell v. Wolfish*, 441 U.S. 520, 559 (1979) (courts must consider scope of intrusion, how search was conducted, justification for search, and where search was conducted); *Mills v. White*, 364 F. App'x 308, 309-10 (8th Cir. 2010) (reversing dismissal of prisoner's Fourth Amendment strip-search claims and remanding for further factual development as to the scope of the searches and how they were conducted).

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to prepare a summons for Defendants NCU Major Bruce Sanders ("Sanders"), NCU Captain Brandon ("Brandon"), NCU Corporal Quincy Vaile ("Vaile"), NCU Corporal Mason ("Mason"), NCU Lieutenant Chester Pool ("Pool"), NCU Sergeant Langston ("Langston"), NCU Sergeant Alexander Delgato ("Delgato"), and NCU Corporal Wyatt ("Wyatt").

2. The United States Marshal is directed to serve the summons, Complaint (*Doc. 1*), Amended Complaint (*Doc. 18*) and this Order, on Sanders, Brandon, Vaile, Mason, Pool, Langston, Delgato, and Wyatt through the ADC Compliance Division without prepayment of fees and costs or security therefor.[4]

---

[4] If any Defendant is no longer an ADC employee, the individual responding to service must provide a **sealed** statement with the unserved Defendant's last known mailing address.

DATED this 29th day of March, 2022.

                                                                          UNITED STATES MAGISTRATE JUDGE