UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**PHILLIP STEWART**                                                                                                          **PLAINTIFF**
**ADC #151956**

**v.**                               **No. 3:21-cv-00080-DPM-JTR**

**BRUCE SANDERS, Major,**
**North Central Unit,** *et al.*                                                                                           **DEFENDANTS**

# ORDER

Plaintiff Phillip Stewart ("Stewart") currently has five pending motions related to discovery.

### 1. Stewart's June 28, 2022 Motions to Compel (*Doc. 42 & 43*)

On June 28, 2022, Stewart filed two Motions to Compel asking the Court to direct Defendants to fully answer his initial Requests for Production and Requests for Admissions. *Docs. 42 & 43*. Stewart acknowledges that Defendants responded to his initial discovery requests but takes issue with their objections. *Id*.

Defendants filed a Response, acknowledging that they "objected to most, if not all" of Stewart's Requests for Production because they did not request *any* documents, but instead made vague and confusing statements "ask[ing] for the

1

'reasons' that he was strip searched and escorted through the unit."[1] *Doc. 44 at 2*. Defendants also acknowledge objecting to many of Stewart's Requests for Admissions because "Stewart wanted Defendants to admit to statements that were unclear, speculative, argumentative, and irrelevant to the claims in this lawsuit." *Id. at 2-3*.

Defendants have provided copies of Stewart's initial discovery requests and their responses. *Doc. 47-1*. Based on the Court's review of those documents, the Court agrees that Stewart's initial "Requests for Production" did *not* request the Defendants to produce any documents or stored information, and, therefore, Defendants' objections to the Requests for Production were warranted and properly made. *See* Fed. R. Civ. P. 33(b).[2]

Similarly, because many of Stewart's Requests for Admissions were unclear, speculative, argumentative, or irrelevant, Defendants' responses and objections were likewise warranted. *See* Fed. R. Civ. P. 36(a)(5).

Accordingly, Stewart's two June 28, 2022 Motions to Compel (*Docs. 42 & 43*) are DENIED. Stewart may submit new interrogatories, requests for production, and requests for admissions to Defendants' counsel, but those discovery papers must

---

[1] Stewart's *pro se* § 1983 case alleges Defendants violated his constitutional rights when he, along with 59 other inmates, were strip searched on October 11, 2020, at the North Central Unit of the Arkansas Division of Correction. *Doc. 1*.

[2] Even if Stewart's "Requests for Production" were considered Interrogatories, Defendants' objections were proper, given the vague and confusing statements made by Stewart. *See* Fed. R. Civ. P. 33(b).

comply with Rule 33, 34, and 36 of the Federal Rules of Civil Procedure. If Stewart files new discovery papers, he must MAIL those papers ONLY to opposing counsel, along with a certificate of service on the last page of each of those discovery papers reflecting the date each was mailed and a statement that each such discovery document was, in fact, mailed to Defendants' counsel. *See* Fed. R. Civ. P. 5(d).

### 2. Stewart's Motions to Compel (*Docs. 45 & 46*) and His Motion for Order (*Doc. 48*) Regarding His Second Set of Requests for Admission

On August 22, 2022, Stewart filed a Motion to Compel stating that Defendants had not responded to his Second Set of Requests for Admission and more than 30 days had passed. *Doc. 45*.

On September 7, 2022, Stewart filed a Second Motion to Compel, reiterating that he had still not received Defendants' responses to his Second Set of Requests for Admission. *Doc. 46*.

Defendants filed a Response to these two Motions, on September 8, 2022, noting that "Mr. Stewart has not properly propounded his second set of admissions on Defendants; instead, he simply filed them on the docket." *Doc. 47*. Because those discovery papers were not properly mailed to Defendants' counsel, Defendants were not required to respond.

Stewart then filed a Motion for Order, on September 20, 2022, asking the Court to deny Defendants the opportunity to depose him until they answer his Second Set of Admissions. *Doc. 48*.

3

That same day, Defendants filed a Response to the Motion for Order, stating that, although Stewart's Second Set of Admissions has not been properly served on them, "in a good faith effort to engage in discovery," they would nevertheless respond to Stewart's Second Set of Admissions within thirty (30) days. *Doc. 49*.[3]

Accordingly, Stewart's Motions to Compel (*Docs. 45 & 46*) and Motion for Order (*Doc. 48*) are DENIED, as moot. Defendants are directed to provide their responses to Stewart's Second Set of Requests for Admission no later than Friday, October 21, 2022.

IT IS SO ORDERED this 26th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Defendants' Response to the Motion for Order also points out that the Court has already granted them permission to depose Stewart. *Doc. 49 at 2* (citing *Doc. 40*).